# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Kimberly L. Muterspaugh

v.

City of Portsmouth

March 8, 2001

Case No. (Law) 97-01

BY JUDGE VON L. PIERSALL, JR.

In the above styled case, the plaintiff alleges that she was employed by the Portsmouth Police Department and was terminated on November 30, 1994. She is alleging the common law tort of wrongful discharge and also a count of intentional infliction of emotional distress.

Another judge of this Court overruled a Demurrer on August 5, 1997, and ordered that discovery should commence. A request for admissions was filed in October 2000, and it has been answered. Defendant's Motion for Summary Judgment was filed in December of 2000.

In the admissions, it is agreed that the plaintiff was permitted at her request to have her termination of employment reviewed in accordance with the City's grievance procedure. She followed the procedure through the steps up to and including a panel hearing. At this hearing, she was represented by a lawyer of her choosing and had an opportunity to call witnesses. This panel ruled against her and upheld the Department's decision to terminate her employment in the Portsmouth Police Department.

Thereafter she filed an E.E.O.C. complaint, and in a letter from the U.S. E.E.O.C. dated June 22, 1995, she was told, "the evidence obtained during the investigation does not establish a violation of the statute." The letter went on to say that the plaintiff could pursue the matter further by filing a suit in the Federal District Court within ninety days. The plaintiff did not do so, and therefore waived her right to pursue this matter in the Federal Court.

The Court has reviewed the admissions, the pleadings, and the briefs filed by each party and has heard argument of counsel. In Rule 3:18 of the Virginia Supreme Court, it is stated that, if it appears from the pleadings, the orders, and the admissions that the moving party is entitled to judgment, the Court shall enter judgment in her favor. No motion for Summary Judgment shall be entered if any material fact is genuinely in dispute. The material facts necessary to rule on defendant's motion are not in dispute.

The first question, and perhaps the dispositive question raised by the defendant, asks if the plaintiff who sought relief through the City's grievance procedure, including a panel hearing as described above, is precluded from bringing this tort action in the Circuit Court?

### What Is the Preclusive Effect of This Panel Decision?

In *Layne v. Campbell County Dept. of Social Servs.*, 939 F.2d 217 at 219, the Court held that the decision of the panel is final and the Circuit Court would be called on only to enter such orders as would be necessary to implement the panel's decision. It should be noted that the grievance procedure in Campbell County is very much like the one in Portsmouth.

The Court cites *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S. Ct. 3220, 92 L. Ed. 2d 635 (1986), saying that when a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had adequate opportunity to litigate, the federal courts must give the agencies findings the same preclusive effect to which it would be entitled to in state courts.

The *Layne* case went on to say that Virginia courts are precluded by the grievance procedure from reviewing the panel's findings.

This Court can take judicial notice that the City is required to have a grievance procedure for its employees and that the procedure shall include certain components including the provision for a panel hearing and that the decision of such panel shall be final and binding. Sections 15.2-1506 and 15.2-1507, Code of Virginia, 1950, as amended.

The Fourth Circuit held in *Detweiler v. Virginia*, 705 F.2d 557 (1983), that the Virginia Grievance Procedure satisfies an employee's right to procedural due process even though it fails to provide an opportunity for judicial review of the panel's decision.

It is clear from these cases that the Court is bound to give the panel's findings of fact preclusive effect. The panel's decision is final and binding. This leaves no basis for hearing evidence at trial on the issue of wrongful

discharge, and, likewise, there is no basis for the count of intentional infliction of emotional distress.

The Motion for Summary Judgment is granted.